UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT PIKEVILLE

SHANNA R. ADKINS, *Individually.* )
And )
SHANNA R. ADKINS, *In Her* ) Civil Action No. 7:23-CV-31-KKC
*Capacity as Next Friend of* K.B and )
*Next Friend of* K.B., )
    Plaintiff, )
 ) **OPINION AND ORDER**
V. )
 )
STEVEN D. VEECH, and )
CDR MAGUIRE, INC., )
    Defendants. )

    \*\*\*   \*\*\*   \*\*\*   \*\*\*

The Court hereby ORDERS that Defendants' motion (DE 52) to exclude the testimony of Plaintiff's expert Shannon Voor, Ph.D and any evidence of emotional distress is DENIED.

Plaintiff Shanna Adkins alleges that she was driving a vehicle in Pike County when another driver—defendant Steven D. Veech—collided with her. She alleges that two minors were passengers in her car and that she and the minors suffered bodily injuries and "pain, suffering, mental anguish, and inconvenience" as a result of the wreck and will continue to suffer those injuries in the future.

She alleges that Veech was employed by defendant CDR Maguire, Inc. and that CDR had leased the vehicle Veech was driving. She asserts negligence claims against Veech on her own behalf and on behalf of the minors. She asserts CDR is variously liable for Veech's negligence as his employer.

With this motion, Defendants argue that the Court should prohibit Adkins' psychological expert Shannon Voor, Ph.D., from testifying because Dr. Voor is unable to determine how much of Adkins' anxiety is attributable to the wreck and how much is attributable to other stressors, like this litigation itself.

Dr. Voor opined that Adkins meets the diagnostic criteria for Posttraumatic Stress Disorder (PTSD) and Generalized Anxiety Disorder. (DE 52-2 Report 11.) In her report, Dr. Voor makes clear that some amount of Adkins' emotional distress is attributable to the wreck. She states that, after the collision, Adkins experienced "increased anxiety" as follows:

> For approximately one month, she regularly suffered nightmares and daytime intrusive thoughts of the wreck. She continues to suffer intrusive thoughts and occasional nightmares to date. She is anxious while driving. She fears other cars are going to come into her lane, and she frequently experiences panic when in a vehicle. She thinks about the possibility her son could have been fatally injured if the impact had been to the front passenger door.

(DE 52-2 Voor Report 3.)

Dr. Voor also noted that, years prior to the wreck, Adkins had been diagnosed with anxiety and depression and was prescribed Wellbutrin, an antidepressant. (DE 52-2 Voor Report 5-6). Dr. Voor further noted that, by February 2022, Adkins was doing well, and her medical provider discontinued the Wellbutrin prescription. At a medical appointment just a few weeks prior to the wreck in February 2023, Adkins did not complain of anxiety or depression. (DE 52-2 Voor Report 6.)

These findings are consistent with the conclusion of Defendants' own expert Thomas Sullivan, Ph.D., who opines that Adkins' "generalized anxiety disorder was

2

exacerbated by the emotional distress caused as a direct result of the accident in question." (DE 53-2 Sullivan Report 21.)

Both psychologists also recognized, however, that Adkins believed some portion of her current anxiety is attributable to factors other than the wreck, including prior trauma and this litigation. Dr. Voor noted that Adkins stated that the trauma from the wreck was exacerbated by defense counsel asking to review her lifetime social media history, which Adkins construed as a personal attack and a possible attempt to cause her to lose her job. (DE 52-2 Voor Report 4.) Dr. Voor noted that Adkins said her fear that defense counsel was attempting to get her fired was "the most significant contributor to her anxiety going 'through the roof.'" (DE 52-2 Voor Report 4.) Dr. Voor noted that Adkins was "terrified of losing her career and income" because she is a single mother of two boys and relies on her income to support them. (DE 52-2 Voor Report 9-10.)

In her deposition, Dr. Voor confirmed that some portion of Adkins' anxiety was caused by defense counsel's demand for her social media accounts. (DE 52-3 Voor Dep. 65-67.) Dr. Voor testified that Adkins reported anxiety after the wreck, but it became more severe after the social media request. (DE 52-3 Voor Dep. 77.) However, Dr. Voor also confirmed that the wreck itself was among the factors causing Adkins' anxiety. (DE 52-3 Voor Dep.68.)

The Court has not found any cases in which a plaintiff was permitted to recover damages for the emotional distress caused by the lawsuit. In fact, state and federal courts appear to be unanimous that such damages are not recoverable. *See Picogna*

3

*v. Bd. of Educ. of Twp. of Cherry Hill*, 671 A.2d 1035, 1038 (N.J. 1996) ("In other reported state court decisions, courts are virtually unanimous in holding that litigation-induced stress is not recoverable as a separate component of damages . . . Similarly, federal court decisions are unanimous in holding that litigation-induced stress may not be recovered as damages.") (collecting cases); *see also Knussman v. Maryland*, 272 F.3d 625, 641–42 (4th Cir. 2001); *Blakey v. Cont'l Airlines, Inc.*, 992 F. Supp. 731, 736 n.3 (D.N.J. 1998); *Allen v. State Farm Mut. Auto. Ins. Co.*, No. 3:15-CV-0019-HRH, 2018 WL 1474526, at *8 (D. Alaska Mar. 26, 2018); *Cheslek v. Asset Acceptance Cap. Corp.*, No. 1:16-CV-1183, 2017 WL 7370983, at *3 (W.D. Mich. Dec. 22, 2017); *School Dist. v. Nilsen*, 534 P.2d 1135, 1146 (Or. 1975).

In *Picogna*, the court described the reasoning of these state and federal courts:

> Both the state and federal cases reflect the view that because anxiety is an unavoidable consequence of the litigation process, it does not form a separate basis for recovery against one's opponent. Although the damages caused by the wrongful conduct induce the litigation, and hence the attendant stress, a plaintiff chooses to pursue litigation cognizant of both the economic and emotional costs that it will entail. Some of the stress is caused by a general distaste for litigation, and some by a plaintiff's vigorous participation in the litigation process. Yet the substantial emotional investment made by a plaintiff in a case is merely the normal result of being a litigant.

*Picogna*, 671 A.2d at 1038-309.

This Court agrees with that rationale. Further, "It would be strange if stress induced by litigation could be attributed in law to the tortfeasor. An alleged tortfeasor should have the right to defend himself in court without thereby multiplying his damages. . . ." *Stoleson v. United States*, 708 F.2d 1217, 1223 (7th Cir.1983). For these

4

reasons, Adkins cannot recover damages for emotional distress caused by this litigation.

Dr. Voor testified that she could not quantify how much of Adkins' anxiety was caused by the wreck as opposed to other factors like the demand for her social media accounts. (DE 52-3 Voor Dep.70-71; 91.) Defendants argue that Dr. Voor's testimony should be excluded on this basis. They do not dispute that she is qualified to testify as to Adkins' mental condition. Nor do Defendants argue that Dr. Voor employed faulty methodology in evaluating Adkins. They argue that Dr. Voor's testimony should be excluded only because she testified that she could not determine how much of Adkins' current emotional distress was caused by the wreck as opposed to other factors.

However, Defendants have presented no expert evidence that such a calculation of emotional damages is even possible. "Courts have recognized that quantifying the exacerbation of preexisting mental health conditions caused by an incident is unnecessary and not a matter of a mathematical calculation." *Carrick v. Wellmont Health Sys.*, No. 2:19-CV-109, 2022 WL 1037769, at *4 (E.D. Tenn. Jan. 7, 2022) (citing cases); *see also Carter v. Barker*, 225 F.3d 653, 2000 WL 1008794, at * 8 (4th Cir. July 21, 2000) ("It is true that Dr. Valla admitted that Carter suffered from at least 36 stressors and that Dr. Valla could not quantify the exact extent of any one stressor's contribution to Carter's emotional distress. However, such strict quantification of psychological injuries is unnecessary."); *Merriweather v. Family Dollar Stores of Ind., Inc.*, 103 F.3d 576, 581 (7th Cir.1996) ("We are not convinced

that psychological injuries are readily amenable to such quantification, and forcing such a burden of proof upon a plaintiff would make compensatory damages nigh unto impossible to recover."); *Johnson v. Williams*, No. CV 15-13856, 2017 WL 11318160, at *9 (E.D. Mich. Aug. 7, 2017) ("Defendants point to no case holding that an expert may not opine as to the exacerbation of one's psychological symptoms without 'objectively quantifying' the precise degree of the exacerbation. Nor do Defendants present their own expert opinion that it is even possible to quantify an exacerbation of symptoms like those alleged by N.C."); *Carter v. Blakely*, No. 1:97CV00982, 1999 WL 1937226, at *10 (M.D.N.C. Sept. 1, 1999) ("[T]he Court doubts whether emotional distress and psychological injury are [amenable] to such quantification.")

Defendants argue that Dr. Voor's testimony may confuse the jury and cause it to compensate plaintiff for damages not caused by the accident. Any such confusion can be adequately addressed by admissible evidence regarding other stressors in Adkins' life[1], admissible testimony by Defendants' expert, cross examination, any appropriate jury instructions, and closing argument.

---

[1] In her evaluation with Defendants' expert Dr. Sullivan, Adkins estimated that 20 percent of her current anxiety resulted from "persistent, life-long factors"; 40 percent of her anxiety resulted from the accident; and 40 percent resulted from by participating in this litigation. (DE 53-2 Sullivan Report 20.) As to the 40 percent of anxiety Adkins attributed to the wreck, Dr. Sullivan opined, "This increase in anxiety would appear to be a direct result of the accident in question. . . ."

6

For all these reasons, the Court hereby ORDERS that Defendants' motion (DE 52) to exclude the testimony of plaintiff's expert Shannon Voor, Ph.D., and any evidence of emotional distress is DENIED.

May 12, 2025

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY