UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT PIKEVILLE

| | |
|---|---|
| SHANNA R. ADKINS, *Individually.* And SHANNA R. ADKINS, *In Her Capacity as Next Friend of* K.B and *Next Friend of* K.B., Plaintiff, <br><br> V. <br><br> STEVEN D. VEECH, and CDR MAGUIRE, INC., Defendants. | Civil Action No. 7:23-CV-31-KKC-EBA <br><br> **OPINION AND ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

The parties have filed various pretrial motions. The Court hereby ORDERS as follows:

| Record Number | Motion | Order |
|---|---|---|
| 83 | Defendants' motion to strike portions of the testimony of Dr. Sujata Gutti, Shanna Adkins' treating neurologist. <br><br> When asked about the treatment plan for Adkins, Dr. Gutti stated that it depended on how Adkins responded to the nerve block. She testified that surgery would be the next option, but that would be up to the neurosurgeon. She testified that the standard recommendation is to consider a surgical option. | **DENIED** <br><br> Defendants argue that Dr. Gutti is not qualified to make the statement that surgery would be Adkins' next option after the nerve block. However, Defendants recognize that Dr. Gutti refers patients to neurosurgeons for surgical consultation. As a treating neurologist, she would be regularly required to determine when to make that referral. Thus, she is qualified to opine that she believes surgery is a patient's next option after other treatments. In her testimony, she makes clear that it is the surgeon who ultimately determines whether surgery should be performed. |

| | | |
|---|---|---|
| 84 | Adkins' motion to strike her treating spine surgeon Dr. John Gilbert's reference to Adkins' medical insurance during his evidentiary deposition.<br><br>The Court notes that Adkins does not attach most of the portions of the deposition at issue. Accordingly, the Court has relied on the parties' representations regarding Dr. Gilbert's testimony where possible. | **DEFERRED UNTIL THE PRETRIAL CONFERENCE**<br><br>Evidence of a plaintiff's medical insurance is generally irrelevant to the issues before the jury and excluded under the collateral source rule. See *Lindon v. Kakavand*, No. CIV.A. 5:13-26-DCR, 2014 WL 6473621, at *3 (E.D. Ky. Nov. 18, 2014) ("Kentucky's collateral source rule prohibits Defendant Kakavand from introducing evidence or arguing that any damages awarded should be offset or reduced by amounts the plaintiff received from collateral sources."); s*ee also In re Air Crash Disaster Near Cerritos, Cal.*, *On Aug. 31, 1986*, 982 F.2d 1271, 1277 (9th Cir. 1992)("A federal court applies state law in matters involving the collateral source rule."); *In re Air Crash Disaster Near Chicago, Ill.*, On May 25, 1979, 803 F.2d 304, 308 (7th Cir. 1986)("[A] federal court sitting in diversity must apply the collateral source rule of the state whose law governs the case. . . .")<br><br>The Court DEFERS ruling as to Dr. Gilbert's reference to Plaintiff's medical insurance in response to questions about how Dr. Gilbert scheduled Adkins for surgery. Dr. Gilbert explains that insurance must approve the surgery before it is scheduled. To the extent that the manner in which the surgery was scheduled is relevant, this testimony may be necessary to present a complete and accurate explanation to the jury. Accordingly, the Court will DEFER ruling on this motion until the Court has a better understanding of the testimony at issue and the relevance of the timing of Adkins' surgery.<br><br>As to Dr. Gilbert's statement that a device he uses during surgery is considered "experimental" by insurance companies, the Court will also DEFER ruling on this issue until it has a better understanding of the testimony and its relevance. |

| | | |
|---|---|---|
| | Adkins' motion to strike defense counsel's statements during Dr. Sujata Gutti's evidentiary deposition that Dr. Gutti probably does "a lot of these depositions." | **DENIED**<br><br>The Court's instructions to the jury will explain that statements by lawyers are not evidence. Thus, to the extent the statement poses any risk of prejudice, it will be cured through the instruction. |
| | Adkins' motion to strike defense expert Dr. Christopher Stephens' responses to questions during his evidentiary deposition about Adkins' most recent medical records.<br><br>The medical records at issue were produced by Adkins in supplemental discovery responses *after* Dr. Stephens conducted his medical examination of Adkins and *after* Dr. Stephens' June 20, 2024 expert report. Dr. Stephens did not supplement his report to opine on these records. | **DENIED**<br><br>Adkins is not prejudiced by this testimony. The records are her own medical records that she produced. Thus, they contain no facts not known to her. Further, Adkins does not point to any significant new opinions offered by Dr. Stephens when questioned about the documents. In fact, he testified that the documents at issue do not change his opinion that was disclosed in his June 20, 2024 report. (DE 84-3 Dep. 25-26.) |
| | Adkins' motion to strike Dr. Stephens' statement that he had just had major cancer surgery. | **DENIED**<br><br>The statement was made by Dr. Stephens in response to questions by Adkins' counsel about why he did not ask Adkins about what medications she was taking before he examined her. Dr. Stephens responded that doctors do not ask that question before treating a patient. As an example, he stated he just had major cancer surgery, and the surgeon did not ask him about the medications he had taken that day. The statement is six words. Dr. Stephens does not discuss his cancer or surgery in depth. Adkins will not be prejudiced by it. |

3

| | | |
|---|---|---|
| 93 | Adkins' motion to exclude evidence of her health insurance | **DEFERRED UNTIL THE PRETRIAL CONFERENCE**<br><br>Such evidence is generally excluded under the collateral source rule. As explained above, however, to the extent that the timing of Adkins' surgery is relevant, Dr. Gilbert's testimony that the timing is affected by insurance approval appears to be necessary. The Court defers ruling on this issue until it has a better understanding of the testimony at issue and its relevance. |
| 94 | Adkins' motion to exclude expert reports and a police report as hearsay. The police report was prepared by an officer who did not witness the collision. | **GRANTED**<br><br>Defendants have not responded to this motion. Accordingly, the Court assumes they do not intend to introduce the reports and do not object to the motion to exclude them. |
| 95 | Adkins' motion to limit jury strikes<br><br>28 U.S.C. § 1870 provides that, in civil cases, each party has a right to three peremptory challenges, but that the Court can grant defendants more challenges when there are several defendants. Adkins argues additional challenges are not necessary here because Defendants' interests are aligned. | **GRANTED**<br><br>Defendants have not responded to the motion or filed an objection. |
| 102 | Defendants' motion to exclude evidence of children's injuries.<br><br>Adkins' two minor children were passengers in the car at the time of the accident. They have settled their claims. Accordingly, Defendants argue, their injuries are irrelevant and such evidence may be prejudicial. | **GRANTED**<br><br>Adkins responds that she does not intend to offer such evidence and does not object to the motion. |

4

| 103 | Defendants' motion to exclude Adkins from introducing evidence of future earning capacity. Defendants argue that Adkins has not disclosed any evidence that her future earning capacity as a teacher has been damaged by the accident. | **DENIED**<br><br>"[E]vidence of permanent injury alone is sufficient for an instruction on permanent impairment of earning power." *Reece v. Nationwide Mut. Ins. Co.*, 217 S.W.3d 226, 229 (Ky. 2007). "[T]he jury can through their common knowledge and experience make the determination if there has been a permanent impairment of earning power, the extent of such impairment, and the amount of damages for such impairment."<br><br>Dr. Gutti and Dr. Gilbert both testified that Plaintiff sustained permanent injuries to her neck and back as a result of the wreck. This is sufficient to warrant an instruction to the jury on damages to Adkins' future earning capacity. |
| --- | --- | --- |
| 104 | Defendants' motion to exclude evidence of or any reference to the stress of this litigation and Defense counsel's request for her social media information. | **GRANTED**<br><br>The Court has ruled that Adkins cannot recover damages for emotional distress caused by this litigation. (DE 72.) As Adkins points out, however, evidence of other causes of a plaintiff's emotional distress is not excluded just because such damages are not compensable. A primary issue in this case will be how much of Adkins' damages were caused by the wreck as opposed to other factors. Evidence of other stressors in Adkins' life is relevant to that issue. If such evidence is introduced, the Court will instruct the jury that they may not award Adkins money to compensate for damages caused by those other stressors.<br>Adkins, however, does not seek to admit evidence of the stress of this litigation to prove that the wreck did not cause all of her current emotional distress. She does not explain any other purpose for which this evidence is admissible, and the Court does not discern any other such purpose. |

5

| 105 | Defendants' motion to exclude any reference, testimony or evidence that Defendants caused the accident, including testimony as to the cause of the accident or events leading up to the accident, video depicting the accident, and photographs of the accident or the damaged vehicles. | **DENIED**<br><br>Defendants argue that they have stipulated to liability and, accordingly, any evidence regarding the wreck is not probative of any issue. Nevertheless, the jury will be asked to determine whether the wreck caused Adkins' alleged injuries, including emotional damages. Evidence that depicts the wreck is probative of that issue. Because liability is not at issue in this case, the Court will permit testimony and evidence describing and depicting the wreck only to the extent necessary to prove the cause of Adkins' alleged emotional distress. If necessary, the Court may instruct the jury as to how it should consider this evidence. |
|---|---|---|
| 106 | Defendants' motion to exclude portions of Dr. Gilbert's testimony.<br><br>Defendants seek to exclude Dr. Gilbert's opinion, after viewing photographs of the vehicles at issue after the wreck, that the impact was significant enough to cause Adkins' injuries. Defendants argue that Dr. Gilbert is not qualified to opine on this issue. | **GRANTED**<br><br>While Dr. Gilbert is qualified to opine that Adkins' injuries were caused by trauma rather than degenerative disc disease, he is not qualified to opine from pictures of the wreck as to what the impact the wreck would have on an occupant's body or that the impact could cause the injuries Adkins alleges she sustained. |

This October 7, 2025.

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY